UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BIRDA TROLLINGER, et al. | ) | |
| | ) | |
| Petitioners | ) | |
| | ) | Civil Action No. 07-mc-0341 (RJL) |
| v. | ) | |
| | ) | |
| TYSON FOOD, INC., et al. | ) | |
| | ) | |
| Respondents. | ) | |
| ——————————————————— | ) | |

RESPONDENT USCIS'S RESPONSE TO MOTION TO COMPEL
<u>PRODUCTION OF RECORDS AND MOTION TO DISMISS THE ACTION</u>

On August 29, 2007, Plaintiffs filed a Motion to Compel the U.S. Citizenship and

Immigration Services ("USCIS") of the Department of Homeland Security ("DHS") to

comply with a subpoena in aid of a civil action in the United States District Court for the

Eastern District of Tennessee.  Respondent USCIS, hereby submits its response to

Plaintiffs' motion to compel and its motion to dismiss the action.[1]

**INTRODUCTION**

By facsimile transmittal dated June 21, 2007, Plaintiffs' counsel, Mr. Howard

Foster of Johnson and Bell Ltd., sent to the USCIS a subpoena under cover letter dated

April 24, 2007, commanding the production of any "*applications for residency status and*

*documents and alien registration cards and number*" pertaining to "*Lorena Hart; aka*

*Ana Leland; aka Ana Moreno Ovledo; aka Ana Hart.*"  *See* Plts. Mt to Compel, Exhibit

A.  By letter dated June 26, 2007, the USCIS responded to the subject subpoena, refusing

to disclose the requested information, documents, and records, to the extent that such

existed, due to the absence of relevancy.  Relying upon Plaintiffs' explanation regarding

---

[1]     Although the Plaintiffs did not serve the U.S. Attorney for the District of Columbia, the Clerk of
the Court informed the U.S. Attorney's Office of the motion to compel and requested the government's
position on the motion.

the significance of the requested information to the underlying RICO litigation in which Plaintiffs are engaged, the USCIS determined that relevancy, as contemplated by Rule 26(b)(1) of the Federal Rules of Civil Procedure, was lacking and, accordingly, declined to honor the subject demand for production.  Moreover, the USCIS advised that any such information under USCIS control would be maintained in a Federal system of records known as "Alien File/Central Index System (A-file/CIS – Justice/INS 001A)" which is protected from indiscriminate disclosures pursuant to the Privacy Act of 1974, as amended, 5 U.S.C. §552a.  *See* Exhibit A.

On July 12, 2007, Mr. Foster telephoned the USCIS to address his dismay with the agency's decision regarding Plaintiffs' subpoena.  Mr. Foster's call was returned by Eric N. Banks, Attorney-Advisor, Office of Chief Counsel, USCIS, that same day.  Mr. Foster indicated that he wished to supplement his earlier explanation regarding relevancy under Rule 26(b)(1) as it related to Plaintiffs' subpoena.  *See* Exhibit B.  Mr. Banks agreed to consider any supplemental information Mr. Foster provided.

By electronic mail dated July 12, 2007, Mr. Foster again contacted the USCIS renewing his request for information pertaining to the immigration status of Lorena Hart. The explanation regarding relevancy provided in the renewed request, however, did not significantly differ from the explanation proffered in Plaintiffs' original subpoena submissions or during the aforementioned July 12 telephonic communication.  *See* Exhibit C.

On July 20, 2007, Mr. Foster sent a letter to the USCIS, via facsimile, announcing his intent to file a Motion to Compel Production, and asked, among other things, "*if the DHS [would] indicate its non-opposition to the motion, i.e., this is a procedural process*

*in order to obtain a court order to produce the records that are otherwise protected by the Privacy Act.*"  *See* Exhibit D.

By electronic mail dated July 23, 2007, Mr. Banks informed the Plaintiffs that the USCIS would not oppose the Motion to Compel, however, the USCIS would continue to protect information entrusted to the agency from indiscriminate disclosures as required by the Privacy Act of 1974, unless the agency were compelled to disclose by a court of competent jurisdiction.  *See* Exhibit B.

<u>**ARGUMENTS**</u>

**A.      Court should dismiss the action**

The subpoena *duces tecum*, issued under the auspices of the U.S. District Court for the District of Columbia, impermissibly demands the production of documents in Chicago, Illinois.  Plt Mt to Compel, Exhibit A.   "A subpoena may be served ... at any place [located outside of a judicial] district [if it] is within 100 miles of the place of the deposition, hearing, trial, production, or inspection...."  Fed. R. Civ. P. 45(b)(2).  Because Chicago is more than 100 miles away from this judicial district, (roughly 700 miles according to mapquest.com) the subpoena is outside the jurisdiction of this Court.  *See Wyoming v. U.S. Dept. of Agriculture*, 208 F.R.D. 449, 452 (D.D.C., 2002).  Therefore, the Court should deny the motion to compel and dismiss this miscellaneous action.

**B.      The requested information is irrelevant to the District Court action**

*1)      Relevancy under Rule 26(b)(1)*

The U.S. Department of Homeland Security (DHS) has adopted *Touhy* regulations that set forth the procedures to be followed with respect to the service of, and response to, subpoenas for official information, records or action directed at the DHS or

its constituent units.  *See United States Ex Rel. Touhy v. Ragen, Warden et al.*, 430 U.S. 462 (1951); 6 C.F.R. Subpart C.  Section 5.48 of the regulations outlines functions that a DHS component must consider in determining whether to comply with a demand or request for agency records or information.  *See* 6 C.F.R. § 5.48.  Among any other pertinent considerations, the regulations direct Department officials and attorneys to consider whether compliance is appropriate under the applicable rules of discovery or the applicable rules of procedure governing the case or matter in which the demand arose. *See*  6 C.F.R. § 5.48(a)(1).

Under the Fed. R. Civ. P. 26(b)(1), parties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial, if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  The test of discoverability is the relevance standard of Rule 26(b)(1).  *See e.g. Paul Laxalt v. C.K. McClatchy, et al.*, 809 F.2d 885 (D.C. Cir. 1987); *Forrest v. U.S.*, No. 95-3889, 1996 U.S. Dist. LEXIS 4589, at *4 (E.D. Pa., April 11, 1996).  If official information is sought by request or demand, the DHS regulations require the party seeking such release to set forth, with as much specificity as possible, the nature and relevance of the official information sought in the context of the cause of action from which the demand arose. *See* 6 C.F.R. § 5.45(a).  The purpose for this regulatory requirement is to obtain, for the record, sufficient information to arrive at a tenable determination regarding relevance as contemplated by Rule 26(b)(1).

2)      *Plaintiffs have not shown relevancy pursuant to Rule 26(b)(1)*

In compliance with subsection 5.45(a) of the regulations, Plaintiffs' subpoena was accompanied by a letter "*included to give [the USCIS] some background information to the enclosed subpoena in order to help ... identify the relevant documents.*"  *See* Plt Mt. To Compel, Exhibit A, Plaintiffs' April 24, 2007, Cover Letter, page 1, paragraph 1, 1st sentence.  The action that gave rise to the instant demand is described in that letter as "*civil RICO litigation ... brought on behalf of legal Tyson Foods employees whose wages have been depressed because of Tyson's hiring scheme of employing illegal aliens.*"  *See* Id.  Plaintiffs' statement aimed specifically at establishing the relevancy of the demanded information warrants quoting in full:

> Ms. Hart currently works for Tyson Foods as liaison to a number of local and national Hispanic Rights Groups, which we allege have formed a RICO enterprise with Tyson Foods in order to hire illegal aliens.  She claims to be a legal permanent resident, though the facts surrounding her claim appear to be suspect. *For this reason, the immigration status is relevant to our case as we move forward and investigate her relationship with a number of these Hispanic Rights Groups.*  (Emphasis added.)

*Id.* at paragraph 2.  Based upon information provided in the above-quoted cover letter, the USCIS determined that, without more, no nexus or rational relationship could be found between the subject of Plaintiffs' demand and Plaintiffs' theory underlying the cause of action fashioned in *Trollinger v. Tyson Foods, Inc.*, 4:02-cv-23.  Discovery has ultimate and necessary boundaries.  *See e.g. Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed.2d 253 (1978).  Agencies are admonished that the relevancy requirement "should not be misapplied so as to allow fishing expeditions in discovery."  *See Zenith Electronics Corporation v. Exzec, Inc.*, 1998 U.S. Dist. LEXIS 215, No. 93 C 5041, 1998 WL 9181, at*2 (N.D. Ill. Jan. 5, 1998).  Plaintiffs

have failed to demonstrate the relevance of Ms. Hart's immigration status to the underlying litigation against Tyson Foods or how disclosing that status could lead to the discovery of admissible evidence. Therefore, the Court should deny Plaintiffs' motion to compel.

**C.      The Privacy Act prevents disclosure of the requested information**

DHS regulations also require Department officials and attorneys to consider whether compliance with a demand for access is appropriate under the relevant substantive law concerning privilege or the disclosure of official information. *See* 6 CFR § 5.48(a)(2). The demanded record, to the extent that it exists, would be maintained in the USCIS system of records known as "Alien File/Central Index System (A-file/CIS – Justice/INS 001A)." *See* 72 Fed. Reg. 1755 (Tuesday January 16, 2007). This system of records is protected from indiscriminate disclosures pursuant to the Privacy Act of 1974, as amended, 5 USC 552a.

The Privacy Act strictly prohibits the disclosure of information assigned to this system of records with few exceptions. *See* 5 U.S.C. § 552a(b). The relevant exceptions would be: pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains; for a "routine use" as defined by the Privacy Act under subsections 552a(a)(7) and -(e)(4)(D), respectively; required under the Freedom of Information Act ("FOIA"), 5 USC 552; or pursuant to the order of a court of competent jurisdiction, 5 USC 552a(b)(11). *See* 5 U.S.C. § 552a(b).

None of the exceptions to the Privacy Act are present here. Plaintiffs failed to produce the necessary written consent of Ms. Hart, the individual to whom the information pertains. In fact, Ms. Hart opposes the release of the information. *See* Ana

Hart Opposition to Plt Mt to Compel.  The release of the information requested by

Plaintiffs is not authorized by the system of records' published routine uses.  *See* 72 Fed.

Reg. at 1757.  Neither is the release  required by the FOIA nor ordered by a court of

competent jurisdiction.

1)      *FOIA*

Under the FOIA, the subject record would be entitled to the protection of

subsection (b)(6) of that Act, which exempts from release "*personnel and medical and*

*similar files the disclosure of which would constitute a clearly unwarranted invasion of*

*personal privacy*."  *See* 5 USC 552(b)(6).  The U.S. Supreme Court has firmly held that

Congress intended the term "similar files" to be interpreted broadly, rather than narrowly.

*See U.S. Department of State v. Washington Post Co*., 456 U.S. 595, 599-603 (1982).

The Court stated that the protection of an individual's privacy "surely was not intended

to turn upon the label of the file which contains the damaging information."  *Id.* at 601

(citing H.R. Rep. No. 89-1497, at 11(1966)).  The Court made clear that all information

that  "applies to a particular individual" meets the threshold requirement for FOIA

Exemption 6 protection.  *Id*. at 602.

Consistent with the Court's interpretation of the phrase "similar files," the

immigration status of a specifically identified Tyson Foods employee, meets the

threshold of Exemption 6, to the extent that it exists, and is entitled to protection from

indiscriminate disclosures pursuant thereto.

2)      *No Court order*

Here, the subpoena *duces tecum* is not an "order of a court" within the meaning of

the exception to the Privacy Act 5 USC 552a(b)(11).  That is, to be an "order of a court"

recognized under subsection (b)(11), the order directing disclosure must specifically have been ordered and issued by a court. *John Doe v. Joseph DiGenova et al.*, 779 F.2d 74 (D.C. Cir. 1985) ("subpoenas-grand jury or otherwise-do not qualify as "order[s] of a court of competent jurisdiction" under 5 U.S.C. § 552a(b)(11), unless they are specifically approved by a court"); *Stiles v. Atlanta Gas Light Company*, 453 F. Supp 798 (N.D. Ga. 1978); *U.S. v. Brown*, 562 F.2d 1144 (9th Cir. 1978).  Therefore, the Plaintiffs did not present an order of a court sufficient to mandate production of the requested records, if they exist.

## <u>CONCLUSION</u>

For the foregoing reasons, the USCIS respectfully requests that the Court dismiss the action and deny Plaintiffs' Motion to Compel Production of Records.


Date: October 5, 2007                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

# EXHIBIT A

09/04/2007 11 25 FAX  312 372 9818          JOHNSON & BELL LTD                      ☑014/055



Office of the Chief Counsel

U.S. Department of Homeland Security
20 Massachusetts Avenue, N.W. Room 4210
Washington, DC 20529

**U.S. Citizenship
and Immigration
Services**

June 26, 2006

Howard Foster, Esquire
Johnson & Bell
Attorneys-at-Law
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603-5404

Re: *Trollinger v. Tyson Foods, Inc.*, 4:02-cv-23
    Eastern District of Tennessee

Dear Mr. Foster:

This responds to your letter of April 24, 2006, addressed to Patrick Kernan , Office of Chief Counsel, U.S.
Citizenship and Immigration Services (USCIS), U.S. Department of Homeland Security (DHS), forwarding a
subpoena commanding the production of documents from USCIS files pertaining to Lorena Hart, among
other aliases.

As you are aware, the DHS has adopted *Touhy* regulations that set forth the procedures to be followed with
respect to the service of, and responses to, subpoenas for official information, records, or action directed at the
DHS or its constituent units. *See United States Ex Rel. Touhy v. Ragen, Warden, et al.*, 340 US 462 (1951);
6 CFR Subpart C. Section 5.48 of the regulations outlines factors that a DHS component must consider in
determining whether to comply with a demand or request for agency records and information. *See 6 CFR
§ 5.48.* Among any other pertinent considerations, the regulations direct Department officials and attorneys to
consider whether compliance is appropriate under the applicable rules of discovery or the applicable rules of
procedure governing the case or matter in which the demand arose. See 6 CFR § 5.48(a)(1).

To announce your demand for access to USCIS records, you elected to issue a subpoena *duces tecum* under
the auspices of the U.S. District Court for the District of Columbia. Your demand, therefore, is governed by
Rule 26(b) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26(b). Under Rule 26(b)(1), parties may
obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party. Relevant
information need not be admissible at trial, if the discovery appears reasonably calculated to lead to the
discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

The test of discoverability is the relevance standard of Rule 26(b)(1). *See e.g. Paul Laxalt v. C.K.
McClatchy, et al.*, 258 U.S. App. D.C. 44; 809 F.2d 885 (D.C. Cir. 1987); *Forrest v. U.S.*, No. 95-3889, 1996
U.S. Dist. LEXIS 4589, at *4 (E.D. Pa., Apr. 11, 1996). If official information is sought by request or

08/04/2007 11 26 FAX  312 372 9818    JOHNSON & BELL LTD    ☑015/038

Howard Foster, Esq.
Page 2

demand, a DHS regulation requires the party seeking such release to set forth, with as much specificity as possible, the nature and relevance of the official information sought in the context of the cause of action from which the demand arose. *See* 6 CFR § 5.45(a). The purpose for this regulatory requirement is to obtain, for the administrative record, sufficient information to arrive at a tenable determination regarding relevance as contemplated by Rule 26(b)(1).

In compliance with subsection 5.45(a) of the regulations, the subject subpoena was accompanied by a letter "included to give [the USCIS] some background information to the enclosed subpoena in order to help ... identify the relevant documents." *See* April 24, 2007, cover letter, 1ˢᵗ paragraph, 1ˢᵗ sentence. The action which gave rise to the instant demand is described in that letter as "civil RICO litigation ... brought on behalf of legal Tyson Foods employees whose wages have been depressed because of Tyson's hiring scheme of employing illegal aliens." The paragraph aimed specifically at establishing the relevance of the demanded information warrants quoting in full:

> Ms. Hart currently works for Tyson Foods as a liaison to a number of local and national Hispanic Rights Groups, which we allege have formed a RICO enterprise with Tyson Foods in order to hire illegal·aliens. She claims to be a legal permanent resident, though the facts surrounding her claim appear to be suspect. *For this reason, the immigration status is relevant to our case as we move forward and investigate her relationship with a number of these Hispanic Rights Groups.* (Emphasis added.)

Based upon information provided in the above-quoted cover letter, and without more, it has been determined that there is no nexus or rational relationship between the subject of your demand; i.e., the immigration status of a corporate liaison, and the theory, as we understand it, underlying the cause of action fashioned as *Trollinger v. Tyson*, i.e., Tyson Foods has formed a RICO enterprise with local and national Hispanic Rights Groups in order to hire illegal aliens. If our understanding of your theory is correct, Tyson Foods could have formed a RICO enterprise with local and national Hispanic Rights Groups *regardless* of Lorena Hart's immigration status. Stated another way, how would it affect civil RICO litigation if it were conclusively shown that Ms. Hart is a legal permanent resident? Would Tyson Foods be more or less likely to be found as engaging in a RICO enterprise based upon Ms. Hart's immigration status? It would appear that no matter how the questions are cast or phrased, the immigration status of a lone corporate employee, Ms. Hart, without more, would be wholly irrelevant to establishing the existence of an ongoing RICO enterprise engaged in by Tyson Foods, *inter alia.* Issuing a subpoena to Tyson for all employee records would likely yield far more productive, and relevant, results.

In reaching this determination, the relevancy of the demanded information was liberally construed in keeping with the proposition that relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, discovery has ultimate and necessary boundaries. *See e.g. Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed.2d 253 (1978). Agencies are admonished that the relevancy requirement "should not be misapplied so as to allow fishing expeditions in discovery." *Zenith Electronics Corporation v. Exzec, Inc.*, 1998 U.S. Dist. LEXIS 215, No. 93 C 5041, 1998 WL 9181, at*2 (N.D. Ill. Jan. 5, 1998). In assessing relevance, we confined ourselves to interpreting and analyzing only that information with which we were provided, and were unable to discern the relevance of Ms. Hart's immigration status to the underlying litigation or how disclosing that status could lead to the discovery of admissible evidence.

DHS regulations also require Department officials and attorneys to consider whether compliance with such a demand for access is appropriate under the relevant substantive law concerning privilege or the disclosure of official information. 6 CFR 5.48(a)(2). Obviously, if the information demanded is not subject to any privilege or statutory prohibitions against disclosure, and is the type readily available to any member of the

03/04/2007 11:26 FAX   312 372 9818        JOHNSON & BELL LTD                    ☑ 016/038

Howard Foster, Esq.
Page 3

general public, then there would be no basis for denying access to the originator of the demand, relevance notwithstanding, unless a denial of access is indicated by some other prudential or policy consideration.

The record you have demanded, to the extent that it exists, would be maintained in this agency's system of records known as "Alien File/Central Index System (A-file/CIS – Justice/INS 001A)." *See* 72 Fed. Reg. 1755 (Tuesday January 16, 2007). This system of records is protected from indiscriminate disclosures pursuant to the Privacy Act of 1974, as amended, 5 USC § 552a.[1] The Privacy Act strictly prohibits the disclosure of information assigned to this system of records to any person, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be, for example, required under the Freedom of Information Act (FOIA), 5 USC § 552, as amended; for a "routine use" as defined and described by the Privacy Act under subsections 552a(a)(7) and -(e)(4)(D), respectively; or pursuant to the order of a court of competent jurisdiction, 5 USC § 552a(b)(11). The release of the information you have requested is neither required by the FOIA, authorized by the system of records' published routine uses, nor ordered by a court of competent jurisdiction.

Under the FOIA, the subject record would be entitled to the protection of subsection (b)(6) of that Act which exempts from disclosure agency records the release of which would constitute a clearly unwarranted invasion of personal privacy, and its release would not contribute to the public's understanding of how this agency performs its statutory duties.. *See* 5 USC § 552(b)(6). Accordingly, if requested by an unrelated third party under the FOIA, the subject record, if extant, would be withheld from disclosure by this agency pursuant to FOIA exemption (b)(6).

The disclosure you seek is not authorized under any provision of the Privacy Act. As an unrelated third party, you are not entitled to access the demanded record in your own right, and the USCIS has not been presented with a valid written consent to such a disclosure signed by the individual to whom the requested record pertains. *See* 5 USC § 552a(b). Moreover, the disclosure you seek is not authorized by the USCIS's published "routine uses" covering Alien Files. *See* 72 Fed. Reg. at 1757.

While subsection (b)(11) of the Privacy Act sanctions agency disclosures made "pursuant to the order of a court of competent jurisdiction," 5 USC § 552a(b)(11), judicial circuits are split as to whether such a subpoena constitutes the compulsory legal process addressed at subsection (b)(11) of the Act. The U.S. Court of Appeals for the District of Columbia, which has had occasion to analyze this provision, has taken the position that this provision must be interpreted literally, not liberally. That is, to be an "order of a court" recognized under subsection (b)(11), the order directing disclosure must specifically have been issued by a court. *See John Doe v. Joseph DiGenova et al.*, 250 U.S. App. D.C. 274, 779 F.2d 74 (D.C. Cir. 1985); *see also Stiles v. Atlanta Gas Light Company*, 453 F. Supp 798 (N.D. Ga. 1978); U.S. v. Brown, 562 F.2d 1144 (9th Cir. 1978). Consequently, it could be cogently argued that the subject subpoena *duces tecum* is not an "order of a court" within the meaning of subsection (b)(11). Under such circumstances, the USCIS would be prohibited, pursuant to the Privacy Act, from granting the requested disclosure. Even if it were decided otherwise, then the issue would merely have been brought full circle inasmuch as discoverability, once again, would be governed by the relevance standard of Fed. R. Civ. P. 26(b)(1). Our position on relevance is fully set forth above.

---

[1] While it is a well established principle that, in the face of a subpoena, the Privacy Act does not create a qualified privilege, as that concept is generally understood, the protections afforded by that Act are relevant to determining the appropriate scope and manner of discovery. *See e.g. Laxalt*, 809 F.2d at 889; *U.S. v. Lake County Board of Commissioners*, 2006 U.S. Dist. LEXIS 42306 (N.D. Ind., June 7, 2006); *Marozsan v. Veterans Administration*, 1991 U.S. Dist. LEXIS 20884, No. S84-500, 1991 WL 441905, at *2-3 (N.D. Ind., June 24, 1991).

09/04/2007 11:26 FAX  312 372 9818          JOHNSON & BELL LTD                                    ☑017/038

Howard Foster, Esq.
Page 4

As a result of the forgoing, the USCIS must respectfully decline to comply with the subject subpoena in the absence of a specific order of a court of competent jurisdiction directing the requested disclosure.

Sincerely,

Peter D. Gregory
Chief
Commercial and Administrative Law Division

www.uscis.gov

# EXHIBIT B

## Banks, Eric N

| | |
|---|---|
| **From:** | Gregory, Peter D |
| **Sent:** | Friday, July 13, 2007 11:46 AM |
| **To:** | Banks, Eric N |
| **Subject:** | Re: Phone call |

Thanks. He may be referring to other DHS components. We generally don't release information absent a court order or a release. Our position is that we should not devote resources to responding to information requests in civil litigation between private parties.

----- Original Message -----
From: Banks, Eric N
To: Gregory, Peter D
Sent: Fri Jul 13 11:19:33 2007
Subject: RE: Phone call

Peter:

I spoke with Howard Foster (on July 12, 2007) — he wants to supplement his earlier explanation re relevancy under Rule 26(b)(1) as it relates to his subpoena. He indicated that he has served such subpoenas on "DHS" before and they have been honored. I suggested that the support he proffered to others may have been different in some significant respect (e.g., more persuasive). I asked that he deal directly with me on the matter and address his concerns and any further "arguments" accordingly.

As a side bar, I didn't mention this to Foster, but it occurred to me that any subpoenas he issued to the USCIS in the past must have come through OCC — is this presumption correct? Are you aware of any such actions, other than the instant action?

In any event, there's nothing further for us to do until such time as he submits supplemental arguments in support of his claim of relevance. He could, of course, seek judicial enforcement (i.e., a court order), but he doesn't seem incline to do that at this time.

I'll certainly keep you apprised.

Thank you,
Peter

_____

From: Gregory, Peter D
Sent: Thursday, July 12, 2007 3:16 PM
To: Banks, Eric N
Subject: Phone call

Eric:

The attorney to whom we sent this letter called me to discuss our response. Can you call him back and tell him that I am out of the office on paternity leave and I will get back to him at some point after the 23rd of July? Thanks.

 << File: Touhy Request.pdf >>


Peter D. Gregory
Chief, Commercial and Administrative Law Division Office of Chief Counsel U.S. Citizenship and Immigration Services
Phone: (202)272-1451
Fax:   (202)272-1405
Cell:  (202)251-3762

1

E mail: peter.gregory1@dhs.gov

This communication, along with any attachments, is covered by federal and state law
governing electronic communications and may contain confidential and legally privileged
information. If the reader of this message is not the intended recipient, you are hereby
notified that any dissemination, distribution, use or copying of this message is strictly
prohibited. If you have received this in error, please reply immediately to the sender and
delete this message. Thank you.

# EXHIBIT C

## Banks, Eric N

**From:** Howard Foster [Fosterh@jbltd.com]
**Sent:** Monday, July 23, 2007 2:04 PM
**To:** Matthew A. Galin
**Cc:** Banks, Eric N
**Subject:** FW: Trollinger v. Tyson Foods subpoena 4:02-cv-23 (E.D. Tenn.)

Mr. Banks: thanks for the response. We will bering the appropriate motion to the Magistrate Judge and serve you with it.

---

**From:** Banks, Eric N [mailto:Eric.N.Banks@dhs.gov]
**Sent:** Monday, July 23, 2007 12:59 PM
**To:** Howard Foster
**Subject:** RE: Trollinger v. Tyson Foods subpoena 4:02-cv-23 (E.D. Tenn.)

Good afternoon, Mr. Foster:

I am in receipt of your facsimile of July 20, 2007, regarding the Federal District Court (DC) subpoena served on the USCIS in connection with the above-captioned litigation. The facsimile states that you will seek a motion to compel production of the records identified in the aforementioned subpoena. You asked if the USCIS would oppose such a motion and whether this agency would agree to have the motion heard by the Magistrate Judge on this case in the Eastern District of Tennessee.

While it is the USCIS's position, generally, to avoid involvement in civil litigation between private parties and expending resources of the United States for private purposes where a substantial government interest is not implicated, the USCIS will not oppose your motion to compel production nor object to the matter being heard by a Federal Magistrate Judge in the Eastern District of Tennessee. Please be advised, however, that the USCIS, under the current circumstances, does not disclose information protected under the Privacy Act of 1974 (5 USC 552a, as amended), such as that which you seek, *in the absence of a court order from a court of competent jurisdiction*; if your motion to compel is denied by the Court, then this matter will be considered closed by the USCIS without further consideration.

If there are any questions, please feel free to raise them.

Thank you,
Eric N. Banks
Attorney-Advisor
Office of Chief Counsel
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
20 Massachusetts Avenue, N.W., Suite 4210
Washington, D.C. 20529

Phone: 202-272-1425
Fax:    202-272-1405
eric.n.banks@dhs.gov

---

**From:** Howard Foster [mailto:Fosterh@jbltd.com]
**Sent:** Thursday, July 12, 2007 3:45 PM
**To:** Banks, Eric N
**Subject:** Trollinger v. Tyson Foods subpoena 4:02-cv-23 (E.D. Tenn.)

Dear Mr. Banks:

As you know I issued a subpoena on DHS for the files on Ana Lorena Hart, employed by defendant Tyson Foods, Inc. Mr. Gregory wrote me on June 26th refusing to comply with the subpoena because, in his view, her immigration status is irrelevant. See letter at 2 ("and without more, it has been determined that there is no nexus or rational relationship between the subject of your demand, i.e., the immigration status of a corporate liasion, and the theory, as we understand it, underlying the cause of action..."). I respectfully disagree with this view. Ms. Hart's status as an illegal immigrant, or false statements concerning her status made in her deposition would be relevant to her motive to be a key figure in a RICO enterprise for the purpose of employing illegal immigrants. The fact that Tyson employs such a person in that role is not coincedental. It helps Plaintiffs demonstrate the purpose of, and existence of the enterprise.

I thereby request that you reverse your decision and produce the documents, as they are relevant, and that was the sole basis for the refusal to comply with the subpoena. I'd also like to point out that DHS has complied with a prior subpoena in this case without court intervention (for someone else's immmigration records). We have already signed a protective order goerning all documents provided by DHS in this case.

Since discovery is coming to a close, we need a decision as soon as possible. You indicated you would respond in 2 days, i.e., on Friday July 14th. I hope it will not be necessary to seek a court order in this matter.

Sincerely,
Howard Foster
*****************************************************************

All contents of this e-mail and any attachment are private &
confidential. If received or viewed by anyone other than the
intended recipient, neither this e-mail nor any attachments, or
anything derived from these, may be used or passed on for any purpose
whatsoever, and all materials must be destroyed and the sender
notified immediately.
*****************************************************************

All contents of this e-mail and any attachment are private &
confidential. If received or viewed by anyone other than the
intended recipient, neither this e-mail nor any attachments, or
anything derived from these, may be used or passed on for any purpose
whatsoever, and all materials must be destroyed and the sender
notified immediately.

# EXHIBIT D

07/20/2007 16 08 FAX  312 372 9818        JOHNSON & BELL LTD



## JOHNSON&BELL Ltd
—— Attorneys at Law ——

Suite 2700 • 33 West Monroe Street
Chicago, IL  60603-5404
312-372-0770 *(Phone)* • 312-372-9818 *(Facsimile)*

# *fax cover* ————————————————

| | |
|---|---|
| Date | July 20, 2007 |
| To | Eric Banks<br>Office of the Chief Counsel    Firm Name  Department of Homeland Security |
| Facsimile | 202-272-1405    Phone |
| CC | |

☐ Urgent   ☐ Per Request   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

| | |
|---|---|
| From | Howard Foster    Phone   312-984-3215 |
| Regarding | Trollinger v. Tyson |
| Our File No. | |

Total Number of Pages    16    *(including this page)*

Time of Transmittal    *(am/pm)*

Message

If you do not receive all pages, please call 312-372-0770 x379.

**Confidentiality Notice**

This facsimile transmission contains confidential information belonging to the sender.  This information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the contents of this transmission is prohibited.  If you have received this transmission in error, please notify sender by telephone immediately to arrange for return of the documents



# JOHNSON & BELL Ltd

Attorneys at Law

Suite 9700
33 West Monroe Street
Chicago, IL 60603-5404
Telephone (312) 372-0770
Facsimile (312) 372-9818

Suite A
9000 Industrial Drive
Bridgeview, IL 46308-9501
Telephone (219) 985-3250
Facsimile (219) 985-0170

Suite 200
225 Wacker Drive Street
Westmont, IL 60035-5572
Telephone (847) 662-7458
Facsimile (847) 662-7355

www.johnsonandbell.com

Writer's Direct Dial Number:

July 20, 2007

Via Facsimile – 202-272-1405
Eric Banks
Office of Chief Counsel
Department of Homeland Security
20 Massachusetts Ave., NW
Washington, DC 20529

Re:    Trollinger v. Tyson Foods

Dear Mr. Banks:

You and I have discussed compliance with our subpoena for certain records from the Department of Homeland Security. I will bring a motion to compel production, as you have requested, as soon as possible. I would like your consent to have the motion heard by the Magistrate Judge on this case in the Eastern District of Tennessee. I would also like to know if DHS will indicate its non-opposition to the motion, i.e., this is a procedural process in order to obtain a court order to produce the records that are otherwise protected by the Privacy Act.

I look forward to speaking with you soon.

Sincerely,

Howard W. Foster

HWF:gar