IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIRDA TROLLINGER, VIRGINIA BRAVO, KELLY KESSINGER, IDOYNIA MCCOY, REGINA LEE, PATRICIA MIMS, LORI WINDHAM and ALEXANDER HOWLETT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC., JOHN TYSON, ARCHIBALD SCHAFFER III, RICHARD BOND, KENNETH KIMBRO, GREG LEE, KAREN PERCIVAL, AHRAZUE WILT and TIM MCCOY,<br><br>Defendants. | MISCELLANEOUS CASE<br>No. 1:07-mc-00341 |

### SUPPLEMENT TO THE OPPOSITION TO PLAINTIFFS' AMENDED MOTION TO COMPEL USCIS TO COMPLY WITH PLAINTIFFS' SUBPOENA

After Ms. Hart and Tyson Foods filed their Opposition, Plaintiffs served an addendum requesting the DHS files of an *additional 23* current and former Tyson Foods employees. *See* Pls.' Reply Mem. in Supp. of Mot. to Compel at 4 n.4 (D.D.C. Docket No. 11) ("Reply"). Because the addendum includes, *inter alia*, the alien files of individuals that the Plaintiffs *have conceded are U.S. citizens*, this brief response is being filed.

Plaintiffs state that the files they seek relate to "91 suspected illegal aliens [who] were hired using fake/stolen identity/immigration documents." *Id.* at 4. One of those individuals added by the "addendum" is Comechalla Youngblood. On November 8, Plaintiffs' counsel

conducted an in-court examination of Ms. Youngblood, who was born and raised in Louisiana, and acknowledged that she is not a "suspected illegal alien":

> Q. You're a citizen of the United States, you're allowed to work in the United States, obviously, correct, ma'am?
>
> A. Yes.
>
> Q. All right. . . .

*See* Exhibit A at 5.[1]  Many other individuals—including several of those on the "addendum"—are similarly situated.  Nevertheless, Plaintiffs persist in representing to this Court that they are seeking the files of "suspected" illegal aliens.

Plaintiffs know the status of many of these individuals because they deposed them.  They demanded this unusual number of additional depositions in order to "complete the[ir] inquiry/investigation of the individuals" and "prove" that the individuals are "illegal aliens."  Pls.' Mem. in Supp. of Mot. to Take Additional Deps. at 4 (E.D. Tenn. Docket No. 326).  But, the depositions proved the contrary, so Plaintiffs essentially ignore the depositions,[2] which further undermine their representations to the Court.

Plaintiffs declined to take other scheduled depositions, including those of Ms. Youngblood and Mr. Nix.  *See supra* note 1.  Plaintiffs have the employment files, including work authorization documents, from the 91 individuals on their list.  They declined to take the

---

[1] For example, Jerry Nix was at the *Daubert* hearing and was prepared to testify that he was born and raised in Alabama.  Similarly, Martin Soto told the Court (in plain English) that he was being sworn in as a United States Citizen the day after the *Daubert* hearing—and he was.

[2] With regard to the single deposition cited, Plaintiffs misrepresent both the law and the transcript.  Plaintiffs assert that Pavel Shcherbina's veracity should be called into question because he claimed refugee status in 1993, but "never met with an immigration judge."  Reply at 6 n.6.  Under U.S. immigration law, immigrants generally go before an immigration judge only if their status is denied.  The transcript cited is not to the contrary, and contains Mr. Shcherbina's response to questions about the employment situation in the Ukraine before he left.  Reply Ex. K at 46-47.

scheduled depositions of many individuals whose files demonstrate that they are native-born U.S. citizens. That was their choice. But, having done so, Plaintiffs should not be permitted to persist in representing to the Court that all 91 individuals are "suspected illegal aliens [who] were hired using fake/stolen identity/immigration documents." Reply at 4.

In sum, the "addendum" makes clear the absence of factual predicate for this subpoena. Even if the Cutler declaration had not been withdrawn, the premise of it—*i.e.*, that Mr. Cutler can identify "illegal aliens" by their English language skills—provides no factual predicate for this subpoena, as a matter of law.³ *See* Opposition at 8-10 (D.D.C. Docket No. 10). Plaintiffs do not and cannot dispute that: (1) there is no legal requirement that either a U.S. Citizen or a lawful permanent resident speak English, *id.* at 8-9; (2) millions of U.S. Citizens and lawful permanent residents do not speak English fluently, *id.* at 8-9 & n. 6; and (3) the federal government forbids employers from using language as a proxy for work authorization. *Id.* at 9 & n.7. *See Brewer v. Salyer*, No. CV F 06-1324 AWI DLB, 2007 WL 1454276, at *4 (E.D. Cal. May 17, 2007) ("lack of English-language skills alone is not a proxy for undocumented status (as the Ninth Circuit has noted, this describes thousands of American citizens)").

Plaintiffs' efforts to conduct a fishing expedition through the DHS's files should be denied in light of the complete lack of any good faith, legitimate factual predicate for the

---

³ Plaintiffs' assertion that the "factual predicate" for their subpoena was not withdrawn is another misrepresentation. Reply at 5. In a pleading filed on November 30, Plaintiffs responded to an argument that Cutler had testified falsely regarding the preparation of his declaration. Plaintiffs argued that whether Mr. Cutler had given false testimony was irrelevant because his declaration—the *only* document in which the 91 individuals were identified—had been "withdrawn." *See* Plaintiffs' Response in Opposition to Defendants' Supplemental Brief to Exclude the Testimony of Michael Cutler at 1-2 (attached as Exhibit B).

subpoena. Moreover, given the importance of the Privacy Act issues at stake, the undersigned respectfully request a hearing on Plaintiffs' motion to compel.[4]

Dated:  December 3, 2007                                    Respectfully submitted,

/s/ Frank R. Volpe
Frank R. Volpe
Colleen M. Lauerman (D.C. Bar No. 459766)
Matthew J. Warren (D.C. Bar No. 483357)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005-1401
(202) 736-8000

*Attorneys for Ana Hart and Tyson Foods, Inc.,*

---

[4] The presiding Court denied Defendants' motion to quash the USCIS subpoena, finding that "[s]ince the subpoena was filed in the District Court for the District of Columbia, this Court lacks jurisdiction to quash the motion." Order of Nov. 21, 2007 (E.D. Tenn. Docket No. 453).

4

## CERTIFICATE OF SERVICE

  I hereby certify that on December 3, 2007, a copy of the foregoing Supplemental Opposition to Plaintiffs' Motion to Compel was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                /s/ Frank R. Volpe
                Frank R. Volpe

7NOV07CY.txt

                                                                    1

1                   IN THE UNITED STATES DISTRICT COURT
2                     EASTERN DISTRICT OF TENNESSEE
3                            AT WINCHESTER
    ------------------------------------------------------------
4                                    :
    BIRDA TROLLINGER, et al.,        :
5                                    :
              Plaintiffs,            :
6   -versus-                         :         4:02-CV-23
                                     :
7   TYSON FOODS, INC., et al.,       :
                                     :
8             Defendants.            :
    ------------------------------------------------------------
9                                            Chattanooga, Tennessee
                                             November 7, 2007
10
          BEFORE:  THE HONORABLE CURTIS L. COLLIER,
11                 CHIEF UNITED STATES DISTRICT JUDGE

12
    APPEARANCES:
13
          FOR THE PLAINTIFFS:
14
          WILLIAM V. JOHNSON, ESQ.
15        HOWARD W. FOSTER, ESQ.
          Johnson & Bell Ltd.
16        33 West Monroe Street, Suite 2700
          Chicago, Illinois  60603-5404
17
          WILLIAM G. COLVIN, ESQ.
18        Horton, Maddox & Anderson, PLLC
          One Central Plaza
19        835 Georgia Avenue, Sixth Floor
          Chattanooga, Tennessee  37402
20

21

22

23                      DAUBERT HEARING
                     EXCERPT OF PROCEEDINGS
24             TESTIMONY OF COMECHALLA YOUNGBLOOD

25


                      UNITED STATES DISTRICT COURT

                                                                    2

1   APPEARANCES:  (Continuing)
                              Page 1

```
                              7NOV07CY.txt
  2
  3         FOR THE DEFENDANTS:
  4         THOMAS C. GREEN, ESQ.
            MARK D. HOPSON, ESQ.
  5         COLLEEN M. LAUERMAN, ESQ.
            Sidley Austin LLP
  6         1501 K Street N.W.
            Washington, D.C.   20005
  7
            TRAVIS R. McDONOUGH, ESQ.
  8         C. CELESTE CRESWELL, ESQ.
            Miller & Martin PLLC
  9         Suite 1000 Volunteer Building
            832 Georgia Avenue
 10         Chattanooga, Tennessee   37402
 11
 12                              - - -
 13
 14
 15
 16
 17
 18
 19
 20
 21
 22
 23
 24
 25


                      UNITED STATES DISTRICT COURT
```

3

Youngblood - Direct Examination

```
  1                    COMECHALLA YOUNGBLOOD,
  2   called as a witness at the instance of the defendants,
  3   having been first duly sworn, was examined, and testified as
  4   follows:
```

7NOV07CY.txt

```
 5                    DIRECT EXAMINATION
 6   BY MS. LAUERMAN:
 7   Q        Good afternoon, Ms. Youngblood.
 8   A        Good afternoon.
 9   Q        Would you please state your name for the Court?
10   A        Comechalla Youngblood.
11   Q        Can you tell us where you were born?
12   A        LSU Hospital in Shreveport, Louisiana.
13   Q        And where did you go to school?
14   A        Mansfield High School.
15   Q        And where is Mansfield?
16   A        In Louisiana.
17   Q        In Louisiana?  Where do you live now?
18   A        In Mansfield.
19   Q        Have you lived in Louisiana your whole life?
20   A        Yes.
21   Q        Where do you work?
22   A        At Tyson Food in Center, Texas.
23   Q        And how long have you worked for Tyson?
24   A        Five years and three months.
25   Q        Do you remember showing Tyson documents to establish
```

UNITED STATES DISTRICT COURT

4

Youngblood - Direct Examination

```
 1   that you were allowed to work when you were hired?
 2   A        Yes.
 3            MS. LAUERMAN:  May I approach, Your Honor, with an
 4   exhibit?
 5            THE COURT:  Please give it to Ms. Palmer.
 6            (Brief pause.)
 7   BY MS. LAUERMAN:
```

7NOV07CY.txt

```
 8   Q        Ms. Youngblood, I have shown you what's been marked
 9   as Defendants' Daubert Exhibit 81. I'm just trying to get it
10   lined up here. Can you take a look at this document and tell
11   me whether this is your signature at the top part of the
12   document?
13   A        It is.
14   Q        Yes?
15   A        Yes.
16   Q        And are you a United States citizen?
17   A        Yes.
18   Q        And is this your handwriting in the top section
19   above your signature on this document?
20   A        No.
21   Q        Did you need some help filling out the form?
22   A        Yes.
23   Q        And can you tell us why you needed some help?
24   A        Because sometimes I have trouble reading.
25   Q        Okay. Do you speak any language other than English,
```

UNITED STATES DISTRICT COURT

5

Youngblood - Cross-Examination

```
 1   Ms. Youngblood?
 2   A        No.
 3   Q        If you'll flip two pages into that exhibit, I'd like
 4   to ask you, are these copies of the documents that you showed
 5   to Tyson when you were hired?
 6   A        Yes.
 7   Q        And is this your Social Security card, a copy of
 8   your Social Security --
 9   A        Yes.
10   Q        And is this a copy of your identification card?
```

7NOV07CY.txt

11  A         Yes.
12  Q         Ms. Youngblood, are you allowed to work in the
13  United States?
14  A         Yes.
15            MS. LAUERMAN:  Thank you very much.  I have no other
16  questions.
17            MR. JOHNSON:  Just a couple of questions.
18                        CROSS-EXAMINATION
19  BY MR. JOHNSON:
20  Q         You're a citizen of the United States, you're
21  allowed to work in the United States, obviously, correct,
22  ma'am?
23  A         Yes.
24  Q         All right.  And what's your job at Tyson?
25  A         Packing and trimming breasts, and debone.

UNITED STATES DISTRICT COURT

6

Youngblood - Cross-Examination

1   Q         Have you ever had anything to do with the employment
2   department at Tyson?
3   A         No.
4   Q         Have you ever had anything to do with hiring people
5   at Tyson?
6   A         No.
7   Q         Are you familiar with how they hire people at Tyson,
8   other than your own personal experience?
9   A         No.
10  Q         Do you know Mr. Cutler?
11  A         Who is that?
12  Q         You don't know a gentleman named Mr. Michael Cutler,
13  do you?

7NOV07CY.txt

14  A         No.
15  Q         You don't know what his experience is, what his
16  training is, what his background is, correct?
17  A         No.
18            MR. JOHNSON: Okay. That's all I've got. Thank you.
19            THE COURT: Any redirect?
20            MS. LAUERMAN: Nothing further. Thank you,
21  Ms. Youngblood.
22            THE COURT: You're free to go.
23            THE WITNESS: Thank you.
24            (Witness excused.)
25                         END OF EXCERPT

                    UNITED STATES DISTRICT COURT

                                                                7

1       I, Elizabeth B. Coffey, do hereby certify that I
2   reported in machine shorthand the proceedings in the
3   above-styled cause, and that this transcript is an accurate
4   record of said proceedings.
5
6
7                                   _____
                                    Elizabeth B. Coffey,
8                                   Official Court Reporter
9
10
11
12
13
14
15
16

7NOV07CY.txt

17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| BIRDA TROLLINGER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> TYSON FOODS, INC., et al. <br><br> Defendant. | No. 4:02-cv-23 <br><br> CLASS ACTION <br> JURY DEMAND <br><br> Chief Judge Curtis L. Collier <br><br> United States Magistrate Judge <br> William B. Mitchell Carter |

**RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL
BRIEF TO EXCLUDE THE TESTIMONY OF MICHAEL CUTLER**

Plaintiffs, by undersigned counsel, hereby submit their Response in Opposition to Defendants' Supplemental Brief to Exclude the Testimony of Michael Cutler (hereafter "Supplemental Brief," Court Doc. No. 454).

In their Supplemental Brief, the Defendants contend that Mr. Cutler's testimony should be excluded because Class Counsel's involvement in drafting his opinion was so extensive as to render the opinion unhelpful and unreliable. *See* Supplemental Brief at 3. ("Defendants are filing this short supplemental memorandum because the belated admission about the creation of this document confirms that counsel's involvement in crafting Mr. Cutler's opinion has been so extensive that it renders his "pending" opinion about English language skills unreliable and unhelpful.").[1] This argument is irrelevant and is nothing more than an attempt by Tyson to obfuscate the facts of the case and cloud Mr. Cutler's opinion.

At the outset, and as noted by Tyson, the Plaintiffs *withdrew* Mr. Cutler's declaration. *See* Supplemental Brief at 3 n.1. Thus, whether Mr. Cutler physically drafted this

---

[1] Mr. Cutler's testimony that he drafted the declaration was an inadvertent mistake. As noted by Class Counsel, the declaration was prepared in consultation with Mr. Cutler, but Mr. Cutler did not physically draft it. *See* Supplemental Brief, Ex. B.

RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL
BRIEF TO EXCLUDE THE TESTIMONY OF MICHAEL CUTLER
#1755027                                  - 1 -

declaration or not is no longer relevant. It certainly has no bearing on the expert report he submitted months prior to the declaration. Moreover, Tyson cites no authority for its proposition that *physically drafting* an expert's declaration renders an expert's testimony/opinion "unhelpful" or "significantly collaborative." Indeed, Tyson's own expert testified that he had help drafting his report. *See* Farber Dep., attached as Ex. A, at 5-6, 28-32. As such, these arguments should be ignored. For the reasons stated herein, in Plaintiffs' previous pleadings, and during the *Daubert* hearing, Tyson's Motion to Exclude the Testimony of Michael Cutler should be denied.

Dated: November 30, 2007

Respectfully submitted,

BIRDA TROLLINGER, *et al.*, Plaintiffs

By:  /s/ Howard Foster
Class Counsel
William V. Johnson
Matthew Galin
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
(312) 372-0770
(312) 372-9818 (Fax)
Email: fosterh@jbltd.com

William G. Colvin
Horton, Maddox & Anderson
One Central Plaza
835 Georgia Avenue, Suite 600
Chattanooga, TN 37402
(423) 265-2560
(423) 265-3039 (Fax)

*Attorneys for the Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEF TO EXCLUDE THE TESTIMONY OF MICHAEL CUTLER has been filed electronically. Notice of this filing will be sent by the operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Dated this 30th day of November, 2007

By: /s/ Howard W. Foster
Howard W. Foster