IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIRDA TROLLINGER, VIRGINIA BRAVO, KELLY KESSINGER, IDOYNIA McCOY, REGINA LEE, PATRICIA MIMS, LORI WINDHAM, and ALEXANDER HOWLETT, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC. a Corporation, JOHN TYSON, ARCHIBALD SCHAFFER III, RICHARD BOND, KENNETH KIMBRO, GREG LEE, KAREN PERCIVAL, AHRAZUE WILT, TIM McCOY<br><br>                  Defendants. | MISCELLANEOUS CASE<br>No. 1:07-mc-00341-RJL |

**PLAINTIFFS' SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL USCIS TO COMPLY WITH THEIR SUBPOENA**

Plaintiffs, by undersigned counsel, hereby submit their Reply Memorandum in Support of their Motion to Compel USCIS to Comply with their Subpoena ("Plaintiffs' Motion," Court Doc. 8).[1]  For the reasons stated below, Plaintiffs' Motion requests relevant information that can be ordered by this Court.  As such, Plaintiffs' Motion should be granted.[2]

---

[1] This Reply Memorandum is being filed in opposition to the Response filed by USCIS on December 4, 2007 ("Response," Court Docs. 13, 14).  The U.S. Citizenship and Immigration Services of the Department of Homeland Security ("USCIS") was the party that was served with the subpoena in question.

[2] USCIS filed an opposition brief and a "Motion to Dismiss."  Both of these filings are the same, and this reply memorandum responds to both Court Docs. 13 and 14.

**I.    USCIS DOES NOT DISPUTE THAT IT FAILED TO OBJECT TO THE SUBPOENA**

As stated in Plaintiffs' Motion, USCIS did not respond to the subpoena within the 14 days provided by Fed. R. Civ. P. 45(c)(2)(B). USCIS issued an objection on November 9, 2007 (*see* Ex. 2 to Response), which was over a month after the October 5, 2007 subpoena deadline. Thus, USCIS waived its right to object. *See* Motion at 3. USCIS does not dispute this in its Response.

**II.    USCIS CONCEDES THAT THE DHS FILES OF THE 91 INDIVIDUALS ARE RELEVANT**

USCIS does not contest, and therefore concedes, that the DHS files of the 91 suspected illegal aliens[3] listed on Amended Ex. A (attached as Ex. I to Court Doc. 11) are relevant. *See* Response at 5 n.1. Thus, the only basis that USCIS asserts for non-production with the subpoena is the Privacy Act. *See* Response at 5-7. However, as Plaintiffs have stated previously, and as USCIS also concedes, a Court order is sufficient for it to comply with the subpoena. *See* Court Doc. 8 at 4; *see also* Response at 7 ("[T]he Plaintiffs did not present an order of a court sufficient to mandate production of the requested records…."). Thus, it appears that USCIS has no objection to a Court order requiring it to provide the Plaintiffs with the files of the 91 suspected illegal aliens. And since these 91 files are highly relevant to Plaintiffs' case in the <u>Trollinger</u> class action, and that trial begins March 3, 2008, the Court should grant the Motion without further delay.[4]

---

[3] The list of 91 individuals does not include Ana Hart.

[4] The Defendants, in their Supplemental Opposition filed on December 3, 2007 (Court Doc. 12), contend that these files should not be produced because many of these individuals are not illegal aliens. *See* Supplemental Response at 1-2. The actual legal status of these 91 individuals is a question of fact, which must be decided by the jury. The requested DHS files will aid in that determination.

**III.   ANA HART'S FILE IS RELEVANT**

USCIS's main objection to fully complying with the subpoena is its belief that the DHS records of Ana Hart are not relevant. *See, e.g.,* Response at 4 ("Based upon information provided [by Plaintiffs Counsel], the USCIS determined that, without more, no nexus or rational relationship could be found between the subject of Plaintiffs' demand for information regarding Ms. Hart and Plaintiffs' theory underlying the cause of action…."). Plaintiffs already addressed these arguments in Court Doc. 11 (replying to Defendants' Opposition), and thus Plaintiffs refer the Court to its pervious discussion. *See* Court Doc. 11 at 1-2.[5]

Nevertheless, such evidence is also necessary as "background information." *See* 2 WEINSTEIN'S FEDERAL EVIDENCE § 401.04 (2nd ed. 2007):

> The trial court may admit evidence that does not directly establish an element of the offense charged in order to provide background for the events or occurrences alleged….Often background evidence is tied to issues of credibility. Even when such evidence is of low probative value in itself it can tell the jury something about the witness or party as a person and that person's experience in life, and this is generally considered to be relevant evidence.

Thus, Ana Hart's alleged illegal status in the U.S. is relevant background information which Plaintiffs are entitled to present to the jury. Her background obviously provides a motive for her role as a liaison to the Hispanic Group RICO enterprise alleged by Plaintiffs.

Moreover, as also stated in Court Doc. 11 at 7, "relevancy" under Rule 26 and 45 is quite broad. *See*, *e.g.*, <u>Alexander v. FBI</u>, 192 F.R.D. 12, 15 (D.D.C. 2000) ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . The information sought need not be admissible at the trial if the

---

[5] In their response, the Defendants essentially repeated the USCIS's position as stated in USCIS correspondence. *See* Court Doc. 10 at 4 ("As the United States correctly stated in its response to Plaintiffs' subpoena…."). Accordingly, Plaintiffs' Reply to the Defendants with respect to the relevance of the Ana Hart records (Court Doc. 11), also fully responds to the USCIS's position here.

information sought appears reasonably calculated to lead to the discovery of admissible evidence."); *see also* Miller v. Federal Express Corp., 186 F.R.D. 376, 383 (W.D. Tenn. 1999) ("Relevancy for discovery purposes is extremely broad.  The information sought need not be admissible in court in order to be relevant.").[6]

## IV.   CONCLUSION

For these reasons, and the reasons stated in Plaintiffs' previous memoranda, Plaintiffs' Motion should be granted and the requested files of Ana Hart and the 91 other individuals should be produced.  Additionally, USCIS's Motion to Dismiss should be denied for the same reasons.

---

[6] *See also* Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318, 323 n.7 (D.D.C. 1966) ("Since the instant subpoena was issued pursuant to [Rule 45], it could require production only of materials 'which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b)' which, in turn, restricts examination to matters 'not privileged.'"); 9 MOORE'S FEDERAL PRACTICE, CIVIL § 45.03[1] ("If a Rule 45 subpoena is served in conjunction with discovery, the deposition testimony or production sought must fall within the scope of proper discovery under Rule 26(b)(1) . . . .").

Dated: December 7, 2007        Respectfully submitted,

BIRDA TROLLINGER, et al., Plaintiffs

By:    <u>/s/ Howard W. Foster</u>
        Howard W. Foster
        Johnson & Bell, Ltd.
        33 West Monroe Street, Suite 2700
        Chicago, IL 60603
        (312) 372-0770 (telephone)
        (312) 372-9818 (facsimile)
        Email: fosterh@jbltd.com

        Stephen C. Leckar
        Butera & Andrews
        1301 Penn. Av., N.W., Suite 500
        Washington, D.C. 20004
        (202) 347-6875 (telephone)
        (202) 347-6876 (facsimile)
        Email: sleckar@butera-andrews.com

        Attorneys for the Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing PLAINTIFFS' SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL USCIS TO COMPLY WITH THEIR SUBPOENA has been filed electronically. Notice of this filing will be sent by the operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Dated this 7th day of December, 2007

                                                By: /s/ Howard W. Foster
                                                       Howard W. Foster