IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIRDA TROLLINGER, VIRGINIA BRAVO, ) <br> KELLY KESSINGER, IDOYNIA MCCOY, ) <br> REGINA LEE, PATRICIA MIMS, LORI ) <br> WINDHAM and ALEXANDER HOWLETT, ) <br> individually and on behalf of all others ) <br> similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TYSON FOODS, INC., JOHN TYSON, ) <br> ARCHIBALD SCHAFFER III, RICHARD ) <br> BOND, KENNETH KIMBRO, GREG LEE, ) <br> KAREN PERCIVAL, AHRAZUE WILT and ) <br> TIM MCCOY, ) <br> ) <br> Defendants. ) <br> ) | MISCELLANEOUS CASE <br> No. 1:07-mc-00341 (RJL) |

## NOTICE OF FILING

During the January 7, 2008 hearing before this Court, two documents were mentioned by the parties. The first document mentioned was an order from the United States District Court for the Eastern District of Tennessee (Chief Judge Curtis Collier) denying Defendants' Motion to Quash the Plaintiffs' Subpoena on the Department of Homeland Security. In that Order (which is attached) Judge Collier found that "[s]ince the subpoena was filed in the District Court for the District of Columbia, this Court lacks jurisdiction to quash the motion." *See* Exhibit A. The second document mentioned during the hearing was Judge Collier's October 30, 2007 Order denying Plaintiffs' motion to continue the scheduled *Daubert* hearing and the trial date. For the Court's convenience and to make it part of the official record, we attach a copy of Judge Collier's memorandum opinion. *See* Exhibit B.

Dated: January 10, 2008            Respectfully submitted,

<u>/s/ Mark D. Hopson</u>
Mark D. Hopson (D.C. Bar #394338)
Frank R. Volpe (D.C. Bar # 458791)
Colleen M. Lauerman (D.C. Bar # 459766)
Matthew J. Warren (D.C. Bar # 483357)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005-1401
(202) 736-8000

*Attorneys for Ana Hart and Tyson Foods, Inc.,*

## CERTIFICATE OF SERVICE

       I hereby certify that on January 10, 2008, a copy of the foregoing Notice of filing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

       /s/ Frank R. Volpe
       Frank R. Volpe

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| BIRDA TROLLINGER, VIRGINIA BRAVO, KELLY KESSINGER, IDOYNIA MCCOY, REGINA LEE, PATRICIA MIMS, LORI WINDHAM and ALEXANDER HOWLETT, individually and on behalf of all others similarly situated | ) ) ) ) ) ) ) ) | No. 4:02-CV-23 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Chief Judge Curtis L. Collier |
| TYSON FOODS, INC., JOHN TYSON, ARCHIBALD SCHAFFER III, RICHARD, BOND, KENNETH KIMBRO, GREG LEE, KAREN PERCIVAL, AHRAZUE WILT and TIM MCCOY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### ORDER

Defendants Tyson Foods, Inc. et al ("Defendants") have moved this Court to quash the subpoena to the Department of Homeland Security of Plaintiffs Trollinger et al ("Plaintiffs") (Court File No. 440). Since the subpoena was filed in the District Court for the District of Columbia, this Court lacks jurisdiction to quash the motion. *See* Federal Rules of Civil Procedure 45(c)(1, 3).

Accordingly, the Court **DENIES** Defendants' motion to quash the subpoena (Court File No. 440).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| BIRDA TROLLINGER, VIRGINIA BRAVO, KELLY KESSINGER, IDOYNIA MCCOY, REGINA LEE, PATRICIA MIMS, LORI WINDHAM and ALEXANDER HOWLETT, individually and on behalf of all others similarly situated | ) ) ) ) ) ) ) ) | No. 4:02-CV-23 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Chief Judge Curtis L. Collier |
| TYSON FOODS, INC., JOHN TYSON, ARCHIBALD SCHAFFER III, RICHARD, BOND, KENNETH KIMBRO, GREG LEE, KAREN PERCIVAL, AHRAZUE WILT and TIM MCCOY, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM**

Before the Court is Plaintiffs' motions to continue the *Daubert* hearing and the trial date (Court File No. 421), and to vacate the *Daubert* briefing schedule (Court File No. 422). The Court also considers Defendants' opposition to these motions (Court File Nos. 424, 426). The Court **DENIES** Plaintiffs' motion to continue the *Daubert* hearing and trial date, and **DENIES** Plaintiffs' motion to vacate the *Daubert* briefing schedule. The Court will allow Plaintiffs to file responses to Defendants' *Daubert* motions seeking to exclude the testimony of Eric Posner, George Borjas, and Michael Cutler (Court File Nos. 411, 412, 413) on or before Friday, November 2, 2007.

Plaintiffs seek to delay (1) the *Daubert* hearing because Plaintiffs are unfairly prejudiced by the failure of the Department of Homeland Security (DHS) to provide immigration records for ninety-one people; and, (2) the trial date because the class notice has not yet been approved and

distributed, so class members will not have adequate time to opt-out prior to trial (Court File No. 421). Plaintiff also seeks to vacate the *Daubert* briefing schedule, based upon its motion to delay the *Daubert* hearing (Court File No. 422).

## I.     Immigration Records from DHS

Plaintiffs argue they will be unfairly prejudiced if they do not receive the ninety-one immigration files from the DHS because the documents are required to "corroborate" the opinion of Michael Cutler, Plaintiffs' immigration expert (Court File No. 421, p. 2). This Court cannot agree. The overarching subject of Federal Rule of Evidence 702 is "the scientific validity and thus the evidentiary relevance and reliability of the principles that underlie the proposed submission. The focus, of course, must be solely the principles and methodology, not on the conclusions that they generate." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 594-95 (1993). Plaintiffs have provided no explanation how the files can "corroborate" his methodology, which has already been provided to the Court for consideration. The files can only show whether Mr. Cutler is correct in his conclusions.[1] This Court must consider whether Mr. Culter's "testimony is the product of reliable principles and methods," not merely whether Mr. Cutler may have been correct in a specific number of instances. Fed.R.Evid. 702(2). Plaintiffs are not prejudiced in the *Daubert* hearing of Mr. Cutler without the ninety-one immigration files.

Even if Plaintiffs were able to use the documents to somehow prove the scientific reliability

---

[1] Defendants also argue the immigration files cannot necessarily prove an individual is authorized or unauthorized to work in the United States, because the DHS does not keep immigration files on United States citizens (Court File No. 424, p. 3, n. 2). Since the Court is denying Plaintiffs' motion on other grounds, it need not consider this objection at this time.

of Mr. Cutler's method, refusing to delay the *Daubert* hearing would not be *unfairly* prejudicial to Plaintiffs. On February 9, 2007, the *Daubert* hearing was originally scheduled for October 15, 2007; it has since been delayed until November 7-8, 2007 (Court File No. 241). Plaintiffs had ample opportunity to collect documents necessary to prepare for the hearing. Instead, Plaintiffs waited until September 24, 2007 to issue a subpoena for the ninety-one immigration files from the DHS, and filed in the U.S. District Court for the District of Columbia on October 24, 2007 to enforce the subpoena (Court File No. 421, p. 2, n. 2).[2] Plaintiffs have provided no reason for their delay in seeking these immigration files to warrant a delay in the *Daubert* hearing, and the Court knows of none.

Since the ninety-one immigration files are not relevant to the *Daubert* hearing concerning Mr. Cutler, and alternatively, since Plaintiffs chose to only recently seek those records, the Court **DENIES** Plaintiffs' motion to delay the *Daubert* hearing.

## II.     Approval of Class Notice

Plaintiffs argue the March 3, 2008 trial does not permit adequate time for class members to opt-out of the litigation, as the Court has not yet approved the language to be used in the distribution of class notice (Court File No. 421, p. 2). Plaintiffs have provided no specific reason why four months will not be adequate time for the resolution of this issue. Without "a showing of good cause," this Court will not delay the trial. *See* Fed.R.Civ.P. 16(b).

---

[2]Defendants take issue with Plaintiffs' failure to serve the DHS subpoena on Defendants. Since the Court is denying Plaintiffs' motion on other grounds, it need not consider this objection.

The Court is more susceptible to accommodating litigants who file timely motions for delay.[3] If Plaintiffs felt four months was an inadequate amount of time, the appropriate response would be to inform the Court of this concern *before* only four months remained. Plaintiff could have simply telephoned the Court to inquire when a decision would be made, and expressed their concerns. Plaintiffs could have filed a motion and informed the Court they would either need the language by a specific date, or would need a later trial date. Instead, Plaintiffs only now raise their concern in an attempt to delay the litigation generally.

Furthermore, Defendants would be significantly prejudiced were they to require new counsel at this point in the litigation, and Defendants' counsel would be unable to reschedule the trial within the next year (Court File No. 424, p. 6-7). Therefore, the Court **DENIES** Plaintiffs' motion to delay the trial.

### III. Conclusion

For the foregoing reasons, this Court **DENIES** Plaintiffs' motion to continue the *Daubert* hearing and the trial date. For the same reasons, this Court **DENIES** Plaintiffs' motion to vacate

---

[3]Plaintiffs seem to imply, since Defendants were granted their unopposed motion for a continuance of the *Daubert* hearing when filed nearly three months in advance (Court File No. 334), Plaintiffs are entitled to have their opposed motion for continuance granted when filed twelve days in advance. Plaintiffs are mistaken. This Court is given discretion in managing its own docket and has afforded both parties ample leeway throughout this litigation. *Cf.* Court File No. 421 ("Plaintiffs have not previously sought a continuance of the Daubert or trial dates. (Tyson moved for, and received, a continuance of the Daubert hearing.)") *with*, *e.g.*, Court File Nos. 98 (granting Plaintiffs' opposed motion to delay the deadlines for their amended complaint and motion for class certification, although opposed by Defendants); 160 (granting a joint motion to vacate the previous scheduling order); 330 (granting Plaintiffs additional time to file a reply);382 (granting Defendants' unopposed motion to delay the *Daubert* hearing); 393 (granting Plaintiffs' consent motion to extend deposition deadlines).

the *Daubert* briefing schedule.

      An Order shall enter.

                              **/s/**
                              **CURTIS L. COLLIER**
                              **CHIEF UNITED STATES DISTRICT JUDGE**